# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Paul D Rainbird** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR02964-001JB** |
| | USM Number: **48800-051** |
| | Defense Attorney: **Sam Winder, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S32, S33, and S54 through S58 of Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C Sec. 2342(a) | Possession, Sale, and Transport of Contraband Cigarettes | 08/26/2008 | S32 |
| 18 U.S.C. Sec 2342(b) | False Statement or Representation Regarding Cigarette Record Keeping | 01/01/2007 | S33 |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s S1 through S31 and S34 through S53** dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 14, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 20, 2011**
Date Signed

Defendant: **Paul D Rainbird**
Case Number: **1:09CR02964-001JB**

# ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 15 U.S.C. Sec. 376 | Reports to State Tobacco Tax Administrator | 07/20/2005 | S54 |
| 15 U.S.C. Sec. 376 | Reports to State Tobacco Tax Administrator | 01/25/2007 | S55 |
| 15 U.S.C. Sec. 376 | Reports to State Tobacco Tax Administrator | 07/03/2008 | S56 |
| 15 U.S.C. Sec. 376 | Reports to State Tobacco Tax Administrator | 07/17/2008 | S57 |
| 15 U.S.C. Sec. 376 | Reports to State Tobacco Tax Administrator | 08/14/2008 | S58 |

Defendant: **Paul D Rainbird**
Case Number: **1:09CR02964-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **33 months**.

**A term of 33 months is imposed as to Count S32; a term of 33 months is imposed as to Count S33; a term of 6 months is imposed as to each Counts S54 through S58; said terms shall run concurrently for a total term of 33 months.**

The Court incorporates by reference its Amended Memorandum Opinion and Order, filed December 19, 2011 (Doc.147)("MOO"). Defendant Paul D. Rainbird, pursuant to a Plea Agreement, filed July 15, 2011 (Doc. 106), pled guilty to Count 32, Count 33, and Counts 54 through 58 of the Superseding Indictment. See Plea Agreement ¶ 3, at 2. Count 32 charged him with a violation of 18 U.S.C. § 2342(a), that being possession, sale and transport of contraband cigarettes. Count 33 charged him with a violation of 18 U.S.C. § 2342(b), that being false statement or representation regarding cigarette recordkeeping. Counts 54 through 58 charged him with violations of 15 U.S.C. § 376 "as that section existed at the time of the charged conduct prior to the March 31, 2010 amendment," that being reports to state tobacco tax administrator. Plea Agreement ¶ 3, at 2. The parties "mutually acknowledge[d] that the offenses alleged in Counts 32 and 33 are felonies and that" the offenses alleged in Counts 54 through 58 "are misdemeanors." Plea Agreement ¶ 3, at 2. The parties agreed that Rainbird would pay "a restitution amount of $94,500.00 of which the amount of $34,500.00 shall be made to the New Mexico Taxation and Revenue Department and of which the amount of $60,000.00 shall be made to the Pueblo de San Ildefonso." Plea Agreement ¶ 6, at 3-4. The parties agreed that Rainbird should receive a 3-level reduction to his base offense level under U.S.S.G. § 3E1.1 based on his acceptance of responsibility. See Plea Agreement ¶ 10, at 10-11. The parties reserved "their rights to assert any position or argument with respect to the sentence to be imposed." Plea Agreement ¶ 10, at 1.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Rainbird on September 20, 2011. In the PSR, the USPO calculated Rainbird`s total offense level to be 27. See PSR ¶ 57, at 17. The PSR calculated a base offense level of 26 under U.S.S.G. §§ 2E4.1(a)(2) and 2T4.1 based on the total amount of tax loss in this case -- approximately $7,500,000.00. See PSR ¶ 49, at 15-16. The PSR included a 2-level upward adjustment under U.S.S.G. § 3B1.1(c) based on Rainbird`s role as a "leader, manager, supervisor and organizer of the offense." PSR ¶ 52, at 16-17. The PSR included a 2-level upward adjustment under U.S.S.G. § 3B1.3 based on Rainbird`s abuse of a position of trust as a "trusted tribal member" during the commission of his offenses. PSR ¶ 53, at 17. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Rainbird`s acceptance of responsibility. See PSR ¶ 56, at 17. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 60, at 18. The PSR calculated that an offense level of 27 and a criminal history category of I results in a guideline imprisonment range of 70 to 87 months. See PSR ¶ 100, at 27.

Rainbird moves the Court for a sentence of 12-months home detention and 5-years probation to run consecutively with the 12-months home detention. Plaintiff United States of America asserted at the sentencing hearing on October 14, 2011, that it requests a sentence in the range of 2- to 4-years imprisonment. In its MOO, the Court overruled the United States` objections to the PSR which sought the application of a 4-level enhancement under U.S.S.G. § 3B1.1(c), a 2-level enhancement under U.S.S.G. § 3B1.3 for use of special skills in the commission of the offenses, and a 2-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust regarding Rainbird`s co-Defendant June L. Ortiz. See MOO at 1-2. Additionally, the Court sustained Rainbird`s objection to the PSR`s application of a 2-level enhancement under U.S.S.G. § 3B1.3 for abuse of position of trust as a trusted tribal member. See MOO at 1-2. At the sentencing hearing, the parties agreed to the Court reducing Rainbird`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. Other than on the objection the Court sustained to the PSR`s application of a 2-level enhancement under U.S.S.G. § 3B1.3 for abuse of position of trust as a trusted tribal member, the Court adopts the sentencing calculation in the PSR as its own. After sustaining an objection to the enhancement under U.S.S.G. § 3B1.3 for abuse of position of trust and applying a 3-level reduction for acceptance of responsibility, Rainbird`s offense level is 25. A criminal offense level of 25 and a criminal history category of I produces a guideline sentence of 57 to 71 months. In its MOO, the Court concluded that the sentencing guidelines do not apply to Counts 54 through 58 to which Rainbird pled guilty because those offenses are misdemeanors. See MOO at 39-40. The Court concluded in its MOO that the sentencing guidelines apply to the other two counts to which Rainbird pled guilty, Counts 32 and 33. See MOO at 40. Pursuant to U.S.S.G. § 5G1.1, the guideline imprisonment range for Count 32 is 57 to 60 months based on the statutory maximum of 60 months imposed by 18 U.S.C. § 2344(a). Pursuant to U.S.S.G. § 5G1.1, the guideline imprisonment range for Count 33 is 36 months based on the statutory maximum of 36 months imposed by 18 U.S.C. § 2344(b).

The Court notes that Rainbird evaded paying taxes on cigarettes in the amount of approximately $7,500,000.00. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Rainbird`s offense. While Rainbird has requested home detention and probation, the Court does not believe that such a low sentence is appropriate for his offenses. The Court concludes that a variance approximating a 5-level reduction to Rainbird`s offense level, thus reducing his offense level from 25 to 20, is appropriate to reflect the mitigating factors in this case. A criminal offense level of 20 and a criminal history category of I yields a guideline imprisonment range of 33 to 41 months. The Court believes a sentence of 33-months imprisonment each for Count 32 and Count 33, and 6 months for Counts 54 through 58 is appropriate to reflect the seriousness of these offenses. The sentences will run concurrently.

There are mitigating factors that counsel in favor of a downward variance. The letters people sent on Rainbird`s behalf indicate that many people believe he was a generous and helpful leader in his community, but those letters also compel the Court to the conclusion that many people look up to Rainbird as an example. While the Court has no reason to doubt that Rainbird has been an influence and a role model in his community, the Court cannot give him special treatment solely because of that reason or because of his place in society. Probation and home detention would send the wrong message to the community given the magnitude of his crimes. Given the seriousness of the offense, some incarceration is necessary to promote respect for the law. The positive impact Rainbird has made, however, counsels the Court to impose a sentence below the guideline range.

Another way the Court looked at Rainbird`s case is that it took his suggestion for a base offense level of 10 and identified ten aggravating factors: (i) Rainbird`s systematic tax avoidance; (ii) the reality that he should have sought legal advice; (iii) that the Court should not vary merely because Rainbird`s case involves a white-collar crime of tax avoidance, which would unfairly punish the less well off for their crimes; (iv) Rainbird`s dramatically different relationship to the crimes than Ortiz`; (v) Rainbird was the genesis for this crime; (vi) Rainbird had control of the businesses; (vii) Rainbird controlled the funds of the businesses and the proceeds from the crimes; (viii) there should be a distinction in Ortiz` and Rainbird`s sentences; (ix) there were many victims and, given the Supreme Court case, a lot of publicity about the crimes; and (x) he lived well and did not put the money back into the community. These ten aggravating factors justify ten additional offense levels above Rainbird`s requested offense level. They support that his proposed offense level of 10 is too low and should be at least double that amount.

When the Court looks at the factors in 18 U.S.C. § 3553(a), the factors of the seriousness of the offense and promoting respect for the law counsel against a variance. The factor of just punishment supports some variance. The factor of adequate deterrence points in different directions; while there is little need for specific deterrence for Rainbird, there is a need for general deterrence, so people like Rainbird do not commit similar crimes. There is probably no need to emphasize the factor of protecting the public, as Rainbird is unlikely to commit any crime on this scale in the future. The Court will be able to rehabilitate Rainbird and ease him back into society with conditions of release. Thus, there are two full factors and two half factors that weigh in favor of a variance. The Court thus believes it should vary at least 3 levels to an offense level approximating 22, and no more than to 20. Given the parsimony clause in 18 U.S.C. § 3553(a), the Court finds that a variance to an offense level approximating 20 is more appropriate as that level would be sufficient without being greater than necessary to reflect the factors in 18 U.S.C. § 3553(a). The Court believes that its analysis, still heavily grounded in the guidelines, counsels for a variance, but still reflects the values underlying the guidelines. A criminal offense level of 20 and a criminal history category of I yields a guideline imprisonment range of 33 to 41 months. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentencing range is reasonable and more reasonable than the guideline sentencing range, and better reflects the factors in 18 U.S.C. § 3553(a) than does a sentence at the statutory maximum or Rainbird`s requested sentence of home detention and probation. And perhaps most important in this calculation, the Court believes that this sentencing range is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Rainbird to 33-months imprisonment for each Counts 32 and 33. The Court sentences Rainbird to 6 months for Counts 54 through 58. The sentences will run concurrently.

☒   The court makes the following recommendations to the Bureau of Prisons:

**Tucson Federal Correctional Institution, Tucson, Arizona, if eligible**

☐   The defendant is remanded to the custody of the United States Marshal.
☒   The defendant shall surrender to the United States Marshal for this district:
        ☐   at           on

☒ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Paul D Rainbird**
Case Number: **1:09CR02964-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to Count S32; a term of 1 year is imposed as to Count S33; said terms will run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Paul D Rainbird**
Case Number: **1:09CR02964-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting assets, cartons or cases of cigarettes at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The defendant shall have no contact with the co-defendant in this case.**

**The defendant shall be restricted from engaging in employment, consulting, or any association with any financial institution.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the treatment provider and as approved by the probation officer, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must participate in and successfully complete a mental health treatment program as recommended by the treatment provider and as approved by the probation officer, which may include outpatient counseling. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

Defendant: **Paul D Rainbird**
Case Number: **1:09CR02964-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$250.00** | **$0.00** | **$94,500.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to 18 U.S.C. 3663(a)(1)(A), the Defendant has agreed to pay the New Mexico State Taxation and Revenue Department $34,500.00 in restitution. He has also agreed to pay the San Idelfonso Pueblo $60,000.00 in restitution. Restitution payments should be made to the Court Clerk and forwarded to: the New Mexico Attorney General, ATTN: Tobacco Project, P.O. Drawer 1508, Santa Fe, New Mexico 84504-1508; and the Pueblo of San Idelfonso, ATTN: Governor Perry Martinez, 02 Tunyo Po, Santa Fe, New Mexico 87506. The Defendant shall pay no less than $500.00 per month towards restitution.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest in the items listed in paragraph 16 of the plea agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.